IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Ashley Ikner, | Case No. 1:25cv01258 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| J. Scott Resources, LLC, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

*Pro se* plaintiff Ashley Ikner filed an "Emergency Motion for Injunctive Relief" with the Court (Doc. No. 1) on June 16, 2025. The Motion seeks an order enjoining J. Scott Resources, LLC from "initiating, continuing, or threatening any eviction proceedings, utility shutoffs, harassment, or interference with Plaintiff's possession" of property located on Superior Road, Cleveland Heights, Ohio. (*Id.* at 2). For the following reasons, Plaintiff's request for injunctive relief is denied.

Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596, 107 L. Ed. 2d 603(1990), and may not entertain an action over which jurisdiction is lacking. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982). Defects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings. *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 539-40 (6th Cir. 2006); *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988).

Plaintiff's attempt to seek this Court's intervention fails. Rule 3 of the Federal Rules of Civil Procedure provides that a civil action is commenced with the filing of a complaint. Fed. R. Civ. P. 3. Absent a properly filed complaint, a court lacks the jurisdiction to issue preliminary injunctive relief. *See, e.g.*, *P.K. Family Rest. v. IRS*, 535 F. Supp. 1223, 1224 (N.D. Ohio 1982) (denying request for temporary restraining order because "[a]bsent a complaint, this Court lacks jurisdiction to entertain plaintiff's petition for injunctive relief"); *Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007) ("Absent a properly filed complaint, a court lacks power to issue preliminary injunctive relief."); *Alabama v. United States Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint"), *cert denied*, 126 S. Ct. 2862, 165 L. Ed. 2d 895 (2006); *Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's motion for [preliminary] injunctive relief."). Here, Plaintiff has failed to file a complaint. The Court therefore lacks jurisdiction to issue injunctive relief.

Even assuming Plaintiff had properly filed suit in this matter, the Court lacks jurisdiction to entertain the action. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Rather, federal courts have only the authority to decide cases that the Constitution and Congress empower them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (internal citation omitted).

Generally, the Constitution and Congress have given federal courts authority to hear a case only where diversity of citizenship exists between the parties or where the case raises a federal

question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). The first type of federal jurisdiction, diversity of citizenship, applies to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, a plaintiff must establish that he or she is a citizen of one state and all of the defendants are citizens of others. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Diversity of citizenship does not exist in this case. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed. R. Civ. P. 8. In a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.,* No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). Plaintiff lists an Ohio address for herself but fails to provide an address for the defendant. Plaintiff has therefore failed to meet her burden of establishing diversity as a basis for federal jurisdiction.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. A plaintiff properly invokes federal question jurisdiction under 28 U.S.C. § 1331 when he or she "pleads a colorable claim arising under the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the complaint and ignores potential

defenses" the defendants may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007).

Here, Plaintiff claims that Defendant has engaged in "ongoing harassment, including unlawful entry, threats of eviction, shutoff of utilities, and interference with Plaintiff's quiet enjoyment" of her property located in Cleveland Heights. She also claims that she is an "Indigenous American woman and non-citizen national" and she is asserting her rights under the Treaty of Middle Plantation and "demands protection of federally secured housing rights." (Doc. No. 1 at 1). This case is essentially an action concerning Plaintiff's potential eviction, which is based on Ohio law. Plaintiff's mere citation to the Treaty is insufficient to establish federal jurisdiction, as she fails to demonstrate that a private right of action exists under the Treaty, that she is a member of the tribe that is governed by the Treaty, or that the land on which she resides is subject to the Treaty. *See Adkins v. Kasich*, No. 5:11 CV 1793, 2011 WL 4542514, 2011 U.S. Dist. LEXIS 109955, *7 (N.D. Ohio Sept. 27, 2011) (finding no federal jurisdiction where Plaintiff filed an action in federal court under "the Indian Treaty").

Moreover, to the extent Plaintiff is asking this Court to interfere with a pending state eviction action, the Court must abstain from hearing challenges to these state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

When an individual is the subject of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state defendant files such a case, the *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987).

Based on these principles, abstention is appropriate where: (1) the state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford the plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Abstention is mandated where federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

Regarding the third requirement of *Younger*, the relevant inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979). The plaintiff bears the burden of demonstrating that state procedural law bars presentation of his or her claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present his or her federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil Co.*, 481 U.S. at 15; *see also Szarell v. Summit Cty. Ct. of Common Pleas*, No. 5:18 CV 2975, 2019 U.S. Dist. LEXIS 142061, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third factor of the *Younger* abstention was satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

Here, if there is a pending eviction action against Plaintiff in state court, then all three factors supporting abstention are present. Eviction proceedings pending in a municipal court implicate important state interests. *See generally Shaffer v. Heitner*, 433 U.S. 186, 207-208, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977) (recognizing a state's "strong interests in assuring the marketability of property within its borders and in providing a procedure for peaceful resolution of disputes about the possession of that property"); *Dudley v. Michalak*, No. 3:08 CV 128, 2008

U.S. Dist. LEXIS 21470, 2008 WL 750554, at *1 (N.D. Ohio Mar. 19, 2008) (applying the *Younger* doctrine and abstaining from an eviction action in Toledo Municipal Court); *Leonard v. Montgomery*, No. 2:22-cv-4502, 2023 U.S. Dist. LEXIS 14897, 2023 WL 1070246, at *2 (S.D. Ohio Jan. 27, 2023) ("Time and again, courts have held that eviction proceedings pending in a state court implicate important state interests."). And there is no suggestion in the complaint that any purported claim in this federal lawsuit is barred in the state action.

If this Court were to find merit to Plaintiff's claims, such a determination would unduly interfere with the state court proceedings. Therefore, even assuming Plaintiff had pleaded a cognizable federal claim, this Court must abstain from hearing Plaintiff's claims to the extent they are pending in state court.

Accordingly, this action is dismissed. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date:  June 20, 2025

 s/*Pamela A. Barker*  
PAMELA A. BARKER  
U. S. DISTRICT JUDGE